## BLISS *v.* UNITED STATES.

*(Circuit Court, E. D. Missouri, E. D.* March 27, 1889.)

1. UNITED STATES DISTRICT ATTORNEYS—COMPENSATION—EXCESSIVE ALLOWANCE—PUBLIC POLICY.

The law of the United States limits the fee which a United States district attorney may charge and receive in cases which he prosecutes; and when by arrangement with defendant he is paid more than the law allows him to charge, public policy requires that all money received in excess of the legal fee should belong to the government.

2. SAME—TAXATION OF COSTS—ESTOPPEL.

The taxation, in the cases prosecuted, of a greater fee in favor of the district attorney than the statute allows, does not preclude the government from claiming the excess.

At Law.

·*Eleneious Smith,*. for plaintiff.

*Thomas P. Bashaw,* U. S. Dist. Atty., for the United States.

BREWER, J. This case was tried before my Brother THAYER some time during the winter, and an opinion filed by him, (37 Fed. Rep. 191,) but on his own motion the judgment he rendered was set aside, and the case set down for hearing before me. I do not know that I need to say any more than that I concur fully with the conclusions which were reached by Judge THAYER. The facts are fully stated in his opinion. It is a case where, were it not for what is, to my mind, a clear and important rule of law, I should feel that the plaintiff had great claims on the consideration of the court. There was no matter of concealment in the settlement with the Missouri Pacific Railway Company by which plaintiff's fees were adjusted and paid. The transaction was all open and above suspicion, and approved by the court in which judgment was rendered, —this court. The matter was brought to the attention of the authorities at Washington, and certainly in the first instance no objection made. Obviously, too, considering the importance of that litigation, and the labor which was necessarily performed in the prosecution of those suits, there was nothing excessive in the allowance of fees. All these are strongly in favor of Mr. Bliss. But I think above all personal considerations, and the particular circumstances of this case, public policy requires the strictest adherence to the rule that when a counsel receives from the defendant in a case which he is prosecuting money above the fees which by law he is entitled to, the money thus received belongs to his client. Now, the law of the United States wisely or unwisely limits the fee which the United States attorney may charge and

receive in cases which he prosecutes; and when by arrangement with the defendant he is paid more than that which the law allows him to charge, although the good faith of the transaction may be beyond suspicion, yet public policy requires that all money he receives in excess of his legal fees is for his client. The possibility of collusion, which any other rule would place before counsel is sufficient reason for adhering to the rule even in cases where there is no reason to suspect collusion. I do not understand that the mere taxation of costs settles any question between counsel and client. There is no adversary relation between counsel and client, and the court does not decide anything between them when it taxes costs. The adjudication is conclusive between the parties because they are present as parties, and occupy adversary relations. But it would be very strange if the client who appears only in the case by his counsel could be bound by an adjudication of the court in respect to the matter of fees. As I said at first, under the circumstances of this case, were it not for this imperative and important rule of law and public policy, I should feel constrained to sustain the claim of the plaintiff, but as it is I feel bound by this rule, which public policy has so long affirmed to be wise and just. The law requires a statement to be filed in cases of this kind, and I simply adopt the statement which Judge THAYER made in his decision.